HOOKER *v.* FEDERAL LAND BANK OF NEW ORLEANS *et al.*

(In Banc. Jan. 26, 1942. Suggestion of Error Overruled March 9, 1942.)

[5 So. (2d) 688. No. 34737.]

Currie & Currie, of Hattiesburg, for appellant.

354

Welch & Cooper, of Laurel, and **Livingston & Living-ston**, of Prentiss, for appellees.

**Roberds, J.**, delivered the opinion of the court.

Appellant sued appellees for personal injuries resulting to him from the drinking of water alleged to have become contaminated and poisoned through the acts of the defendants. The lower court directed a verdict for the defendants on the theory that the evidence of defendants reached that degree of conclusiveness against their liability as to preclude consideration by the jury of the evidence of liability offered by the plaintiff. The correctness of that ruling is the sole question presented on this appeal.

In determining this question we must accept as true all the evidence favorable to the plaintiff, and "every material fact which the evidence proves, or tends to prove, in favor of appellant, either directly or by reasonable inference, must be taken as established." New Orleans & N. E. R. Co. v. Jackson, 140 Miss. 375, 105 So. 770, 771. See Stricklin v. Harvey, 181 Miss. 606, 179 So. 345, citing prior Mississippi cases on this point. So tested, and after a detailed and thorough study of this record, we are of the opinion that determination of the facts upon which rested liability vel non of the defendants was a question for the jury. To set forth the evidence, pro and con, would require an opinion of great length, and since the case must be retried, and we can see no good purpose to be served thereby, we refrain from doing that.

Reversed and remanded.